CONFIRMATION COPY

RACHEL KREVANS (CA SBN 116421)
rkrevans@mofo.com
CHARLES S. BARQUIST (CA SBN 133785)
cbarquist@mofo.com
SCOTT C. MOORE (CA SBN 203181)
smoore@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Plaintiffs
ECHOSTAR CORP. and ECHOSTAR
TECHNOLOGIES L.L.C.

FILED
2009 JUN 25 PM 3:37
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECHOSTAR CORP. and ECHOSTAR TECHNOLOGIES L.L.C., Plaintiffs, v. GUARDIAN MEDIA TECHNOLOGIES, LTD., Defendant. | Case No. CV09-04605 RSWL AJWx<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs EchoStar Corp. ("EchoStar") and EchoStar Technologies L.L.C. ("EchoStar Technologies") bring this action for declaratory judgment against Defendant Guardian Media Technologies, Ltd. ("Guardian") and allege as follows:

## STATUTORY BASIS FOR EXERCISE OF JURISDICTION

1. This is a declaratory judgment action for patent non-infringement and invalidity arising under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

## PARTIES

2. EchoStar is a corporation organized and existing under the laws of the State of Nevada, whose principal place of business is located at 90 Inverness Circle East, Englewood, Colorado 80112.

3. EchoStar Technologies is a limited liability company organized and existing under the laws of the State of Texas, whose principal place of business is located at 90 Inverness Circle East, Englewood, Colorado 80112.

4. EchoStar and EchoStar Technologies are informed and believe that defendant Guardian is a Texas limited partnership with a mailing address at 3801 N. Capital of Texas Highway, E240-303, Austin, Texas 78746. Guardian may be served via its registered agent for service of process at CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

## BASIS OF DECLARATORY JUDGMENT JURISDICTION

5. An actual, substantial and continuing justiciable controversy exists between Plaintiffs EchoStar and EchoStar Technologies and Defendant Guardian based on Guardian having previously filed a complaint for patent infringement against EchoStar and EchoStar Technologies and other defendants in the action titled *Guardian Media Technologies, Ltd. v. Coby Electronics, Corp., et al.*, United States District Court for the Central District of California, Case No. CV-08-8439-R (RCx) (the "Coby Action"). In the Coby Action, Guardian alleged that EchoStar and EchoStar Technologies have directly infringed and induced infringement and/or contributed to the infringement of one or more claims of U.S. Patent No. 4,930,158 (the "'158 Patent"), and U.S. Patent No. 4,930,160 (the "'160 Patent"). On June 15, 2009, at the hearing on an Order to Show Cause as to why Guardian should not be required to file separate lawsuits as to each individual, unrelated defendant, the Court dismissed without prejudice Guardian's complaint against various defendants which had not yet answered, including EchoStar and EchoStar Technologies.

6. EchoStar and EchoStar Technologies seek a declaration by this Court of their rights with respect to Guardian's allegations of infringement relating to the '158 and '160 Patents.

7. This Court has personal jurisdiction over Guardian based on Guardian's presence in California and continuous and systematic contacts with California. On information and belief, Guardian has been pursuing patent licensing activities and enforcement activities in California and, specifically, in the Central District of California, since at least 2003, when Guardian acquired the '158 and '160 Patents. This Court also has jurisdiction over Guardian because Guardian has submitted to the personal jurisdiction of California courts by filing multiple lawsuits in the Central and Southern Districts of California, including the Coby Action against EchoStar and EchoStar Technologies and the following other actions currently pending in these courts: *Guardian Media Technologies, Ltd. v. Toshiba America Consumer Prods., LLC,* United States District Court for the Central District of California, Case No. 09-cv-52-R; *Guardian Media Technologies, Ltd. v. Philips Elec. North America Corp. et al.,* United States District Court for the Southern District of California, Case No. 08-cv-1859-IEG.

**VENUE**

8. Venue is proper within this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

**FIRST CLAIM FOR RELIEF**

**(Declaration of Non-Infringement of the '158 Patent)**

9. EchoStar and EchoStar Technologies repeat and re-allege each and every allegation of paragraphs 1 through 8 above, and incorporate them by reference as if fully set forth herein.

10. Guardian claims to own the '158 Patent, with all substantive rights in and to that patent, including the right to enforce that patent against alleged infringers and collect damages.

11. By a reexamination certificate issued November 4, 2008, the United States Patent and Trademark Office cancelled claims 1-7 and 12-18 of the '158 Patent.

12. EchoStar and EchoStar Technologies have not infringed, induced infringement, or contributed to the infringement of any of the uncancelled claims of the '158 Patent.

13. An actual case or controversy exists between Plaintiffs EchoStar and EchoStar Technologies and Defendant Guardian with respect to the claims of EchoStar and EchoStar Technologies that they have not infringed any uncancelled claim of the '158 Patent.

14. EchoStar and EchoStar Technologies have been injured and damaged by Guardian's accusations of infringement.

15. Declaratory relief is both appropriate and necessary to establish that EchoStar and EchoStar Technologies have not directly or indirectly infringed any uncancelled claim of the '158 Patent.

16. Pursuant to 28 U.S.C. §§ 2201, et seq., EchoStar and EchoStar Technologies request a declaratory judgment that EchoStar and EchoStar Technologies have not infringed any uncancelled claim of the '158 Patent.

**SECOND CLAIM FOR RELIEF**

**(Declaration of Invalidity of the '158 Patent)**

17. EchoStar and EchoStar Technologies repeat and re-allege each and every allegation of paragraphs 1 through 8, 10 and 11 above, and incorporate them by reference as if fully set forth herein.

18. Each uncancelled claim of the '158 Patent is invalid under the provisions of the patent laws of the United States, particularly for failure to meet the requirements for patentability found in 35 U.S.C. §§ 102, 103, and 112.

19. An actual case or controversy exists between Plaintiffs EchoStar and EchoStar Technologies and Defendant Guardian with respect to Plaintiffs' claim that the uncancelled claims of the '158 Patent are invalid.

20. EchoStar and EchoStar Technologies have been injured and damaged by Guardian's accusations that they have infringed valid claims of the '158 Patent.

21. Declaratory relief is both appropriate and necessary to establish that uncancelled claims of the '158 Patent are invalid.

22. Pursuant to 28 U.S.C. §§ 2201, et seq., EchoStar and EchoStar Technologies request a declaratory judgment that the uncancelled claims of the '158 Patent are invalid.

**THIRD CLAIM FOR RELIEF**

**(Declaration of Non-Infringement of the '160 Patent)**

23. EchoStar and EchoStar Technologies repeat and re-allege each and every allegation of paragraphs 1 through 8 above, and incorporate them by reference as if fully set forth herein.

24. Guardian claims to own the '160 Patent, with all substantive rights in and to that patent, including the right to enforce that patent against alleged infringers and collect damages.

25. By a reexamination certificate issued April 7, 2009, the United States Patent and Trademark Office cancelled claims 1-2, 4-5, 8-15, 17, 18, and 21-26 of the '160 Patent.

26. EchoStar and EchoStar Technologies have not infringed, induced infringement, or contributed to the infringement of any of the uncancelled claims of the '160 Patent.

27. An actual case or controversy exists between Plaintiffs EchoStar and EchoStar Technologies and Defendant Guardian with respect to the claims of EchoStar and EchoStar Technologies that they have not infringed any uncancelled claim of the '160 Patent.

28. EchoStar and EchoStar Technologies have been injured and damaged by Guardian's accusations of infringement.

29. Declaratory relief is both appropriate and necessary to establish that EchoStar and EchoStar Technologies have not directly or indirectly infringed any uncancelled claim of the '160 Patent.

30. Pursuant to 28 U.S.C. §§ 2201, et seq., EchoStar and EchoStar Technologies request a declaratory judgment that EchoStar and EchoStar Technologies have not infringed any uncancelled claim of the '160 Patent.

**FOURTH CLAIM FOR RELIEF**

**(Declaration of Invalidity of the '160 Patent)**

31. EchoStar and EchoStar Technologies repeat and re-allege each and every allegation of paragraphs 1 through 8, 24 and 25 above, and incorporate them by reference as if fully set forth herein.

32. Each uncancelled claim of the '160 Patent is invalid under the provisions of the patent laws of the United States, particularly for failure to meet the requirements for patentability found in 35 U.S.C. §§ 102, 103, and 112.

33. An actual case or controversy exists between Plaintiffs EchoStar and EchoStar Technologies and Defendant Guardian with respect to Plaintiffs' claim that the uncancelled claims of the '160 Patent are invalid.

34. EchoStar and EchoStar Technologies have been injured and damaged by Guardian's accusations that they have infringed valid claims of the '158 Patent.

35. Declaratory relief is both appropriate and necessary to establish that uncancelled claims of the '160 Patent are invalid.

36. Pursuant to 28 U.S.C. §§ 2201, et seq., EchoStar and EchoStar Technologies request a declaratory judgment that the uncancelled claims of the '160 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs EchoStar and EchoStar Technologies hereby request that this Court:

(a) Render judgment declaring that EchoStar and EchoStar Technologies have not infringed any valid claim of the '158 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents;

(b) Render judgment that all uncancelled claims of the '158 Patent are invalid;

(c) Render judgment declaring that EchoStar and EchoStar Technologies have not infringed any valid claim of the '160 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

(d) Render judgment that all uncancelled claims of the '160 Patent are invalid;

(e) Award EchoStar and EchoStar Technologies their fees and costs, including attorney's fees, pursuant to 35 U.S.C. § 285; and

(f) Award EchoStar and EchoStar Technologies such other and further relief as the Court deems proper.

## JURY DEMAND

EchoStar and EchoStar Technologies hereby demand a trial by jury.

Dated: June 25, 2009

RACHEL KREVANS
CHARLES S. BARQUIST
SCOTT C. MOORE
MORRISON & FOERSTER LLP

By: ______________________
Charles S. Barquist

Attorneys for Plaintiffs
ECHOSTAR CORP. and
ECHOSTAR TECHNOLOGIES L.L.C.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

**CV09- 4605 RSWL (AJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

CHARLES S. BARQUIST (CA SBN 133785)
CBarquist@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: 213.892.5200

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EchoStar Corp. and EchoStar Technologies L.L.C.<br>PLAINTIFF(S)<br>v.<br>Guardian Media Technologies, Ltd.<br>DEFENDANT(S). | CASE NUMBER<br>CV09-04605 RSWL AJWx<br><br>**SUMMONS** |

TO: DEFENDANT(S): Guardian Media Technologies, Ltd.

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ __________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Charles S. Barquist, whose address is 555 West 5th Street, 35th Floor, Los Angeles, CA 90013. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUN 25 2009

By: LA'REE HORN
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

EchoStar Corp. and EchoStar Technologies L.L.C.

**DEFENDANTS**

Guardian Media Technologies, Ltd.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

CHARLES S. BARQUIST (CA SBN 133785), CBarquist@mofo.com
MORRISON & FOERSTER LLP
555 West 5th Street, Los Angeles, CA 90013. Tel: 213.892.5200

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No

☐ **MONEY DEMANDED IN COMPLAINT: $** Declaratory judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action for declaratory judgment (i) that Plaintiffs do not infringe U.S. Patent Nos. 4,930,158 and 4,930,160, and (ii) that those patent are invalid.

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☑ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV09-04605

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): 2:08-cv-08439-R-RC

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
- ☐ A. Arise from the same or closely related transactions, happenings, or events; or
- ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
- ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- ☑ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Colorado (both Plaintiffs) |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] Date 6/24/09

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |